The document below is hereby signed.

Signed: January 28, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| VICKI KAREN HALL, | ) | Case No. 09-00669 |
| | ) | (Chapter 11) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DISMISSING DEBTOR'S
<u>EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY AND SANCTIONS</u>

The debtor, Vicki Karen Hall, has filed an Emergency Motion to Enforce the Automatic Stay and Sanctions.

I

The facts alleged are these. Mrs. Hall is a 50% equity owner of The Landing of Park Heights LLC. Richard W. Pifer owns the remaining 50% equity interest in that entity. After Mrs. Hall commenced her bankruptcy case, Mr. Pifer, through his counsel, Stephen L. Pettler, Jr., sent a letter to Mrs. Hall and R. William Hall, advising them that he is the sole member of Park Heights, explaining that:

> Mrs. Hall has been dissociated from [Park Heights] pursuant to Section 10.04 of the Operating Agreement of [Park Heights], as amended, due to her filing personal bankruptcy. As such, she is no longer entitled to vote Economic Units of the company owned by her.

The letter further advised that Mr. Pifer was terminating the services of Mr. Hall to act as manager of Park Heights. These acts harmed Mrs. Hall in the amount of $350.

In addition, Park Heights has engaged in sales of condominium units at its real property in Winchester, Virginia. Mrs. Hall believes that Mr. Pifer has not appropriately accounted for the disbursements and releases of escrows incident to these sales.

II

Mrs. Hall seeks to hold Mr. Pifer and his attorney in contempt, alleging that their acts of terminating her shares in taking control of Park Heights and in terminating Mr. Hall's employment violated the automatic stay of 11 U.S.C. § 362(a) and violated 11 U.S.C. § 365(e).

A motion for contempt commences a contested matter and must include notice under Local Bankruptcy Rule 9013-1(a)(3) and a signed certificate of service reflecting that service was made in a manner authorized by Fed. R. Bankr. P. 7004(a) (for example, by mailing copies of the motion and notice to each individual at the individual's dwelling house or usual place of abode or place where the individual regularly conducts a business or profession).

The certificate of service to the motion recites that service was made by first-class mail, postage paid, or in lieu

thereof by electronic means.  Service by electronic means is not an authorized manner of making service of a paper commencing a contested matter such as a motion for contempt.  In addition, the motion included no notice under LBR 9013-1(a)(3).  Finally, it was not served on Mr. Pifer.  Accordingly, the motion must be re-served.

                                III

With respect to the sales of condominium units by Park Heights, Mrs. Hall seeks an order compelling Mr. Pifer to place all current escrows concerning condominium unit sales at Park Heights with bankruptcy counsel for an entity known as H&H Construction & Investment, Inc. (whose bankruptcy case is pending in this court).  If Mrs. Hall succeeds in demonstrating that her ownership interest in Park Heights was improperly terminated, she may have the right to pursue causes of action as a shareholder against Mr. Pifer, including a cause of action (if such exists) to compel Mr. Pifer to turn over escrows to the bankruptcy counsel for H&H.  But any proceeding to recover money or property must be commenced as an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001.

                                IV

    For all of these reasons, it is

    ORDERED that the Emergency Motion to Enforce the Automatic Stay and Sanctions is dismissed without prejudice to seeking the

requested relief anew in a procedurally correct manner.

[Signed and dated above.]

Copies to: Debtor; Office of United States Trustee; and:

Stephen J. Pettler, Jr., Esq.
Harrison & Johnston, PLC
21 South Loudoun Street
Winchester, VA 22601